**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **BRAD L. WOODMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. CIV-07-759-D |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of Social** | ) |
| **Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for disability insurance benefits. Pursuant to an order entered by United States District Judge Timothy D. DeGiusti, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. ____). Both parties have briefed their respective positions and thus the matter is at issue. For the reasons stated herein, it is recommended that the decision of the Commissioner be reversed and this matter be remanded for further administrative proceedings consistent with this Report and Recommendation.

**I. PROCEDURAL HISTORY**

Plaintiff filed his application for disability insurance benefits on April 21, 2004, alleging that he became disabled as of November 10, 2002, due to seizures, spinal

deterioration, high blood pressure, depression, high cholesterol, GERD, allergies, bronchitis, and diverticulitis. Tr. Tr. 63, 76. The application was denied on initial consideration and on reconsideration at the administrative level. Tr. 36, 37, 39-41, 43-46. Pursuant to Plaintiff's request, a hearing was held before an administrative law judge on November 9, 2006. Tr. 38, 462-98. Plaintiff appeared in person with his attorney, and offered testimony in support of his application. Tr. 464, 465-84. Plaintiff's wife also appeared and gave testimony on his behalf. Tr. 484-89. A vocational expert testified at the request of the administrative law judge. Tr. 33, 489-97. The administrative law judge issued his decision on January 26, 2007, finding that Plaintiff was not disabled within the meaning of the Social Security Act and that he was thus not entitled to benefits. Tr.14-16, 17-24. The Appeals Council denied Plaintiff's request for review on June 8, 2007, and so the decision of the administrative law judge became the final decision of the Commissioner. Tr. 6-8.

## II.  STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> We review the agency's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. The agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal. Finally, because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight.

>However, we may neither reweigh the evidence nor substitute our discretion for that of the Commissioner.

Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted). The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. Id. at 751 & n. 2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy, given his age, education, and work experience. Id. at 751.

### III.  THE DECISION OF THE ADMINISTRATIVE LAW JUDGE

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 404.1520. Tr. 18-19. He first found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. Tr. 19. At steps two and three, the administrative law judge found that Plaintiff suffered from status post fusion at C6-7, status post fusion at C5-6, herniated disk at L4-5, obesity, obstructive sleep apnea, cough syncope, and depressive disorder, and found that these disorders were severe, but he also found that they were not severe enough to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations, No. 4. Tr. 19-20. The administrative law judge next found that Plaintiff had the residual functional capacity to lift 10 pounds frequently; 20 pounds occasionally;

stand/walk for 6 hours in an 8 hour work day; sit for 6 hours in an 8 hour work day; occasionally stoop; that he should not be around hazardous/ dangerous moving machinery or unprotected heights; that he should not engage in work that requires understanding, remembering, and carrying out detailed instructions or maintaining attention and concentration for extended periods of time; or in work involving interacting with the general public. Tr. 20. Based on this residual functional capacity, the administrative law judge found at step four of the sequential evaluation process that Plaintiff was not able to perform his past relevant work Tr. 22.  However, at step five, the administrative law judge found, using the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, App. 2, as a framework, together with the testimony of the vocational expert, that under Rules 201.19, 201.20, 201.25, and 201.26, there are a significant number of jobs in the national economy that someone with Plaintiff's residual functional capacity and vocational factors could perform, including semi-conductor assembly and food and beverage order clerk. Tr. 22-23.

**A.  ISSUES ON APPEAL**

Although combining them into one argument, Plaintiff actually raises three errors on appeal. First, he claims that the administrative law judge's decision is not supported by substantial evidence due to his failure to adequately address the opinions of several mental health consultants. Plaintiff's Opening Brief, p. 4-7. Second, he claims that the administrative law judge's alcohol addiction analysis was flawed. Id. at 7-9. Third, he claims that the administrative law judge erred in his credibility analysis. Id. at 9.

First, Plaintiff argues that the administrative law judge did not consider certain medical reports related to his mental function. He claims that the administrative law judge failed to address the reports of consultative examiners Minette Doss, Ed.D., to whom he was referred for a psychological examination on October 13, 2004, and Dr. A.F. Vaide, who examined him in March of 2005. Plaintiff's Opening Brief, p. 4, 6. Plaintiff also claims that the administrative law judge failed to discuss the mental residual functional capacity (RFC) assessment of two agency medical consultants. Plaintiff claims that the administrative law judge failed to address these reports, which indicated greater restrictions in his ability to do work-related activities than those found by the administrative law judge. Id. at 4-7.

The Commissioner responds that the administrative law judge's residual functional capacity assessment adequately accounted for these reports, and that although he did not discuss the reports, he need not do so when he agrees with a doctor's report. Commissioner's Brief, p. 4-6 (citing Howard v. Barnhart, 379 F.3d 945, 947 (10th Cir. 2004).

Although the Commissioner is correct that when the administrative law judge "does not need to reject or weigh evidence unfavorably in order to determine a claimant's [residual functional capacity], the need for express analysis is weakened," Howard, 379 F.3d at 947, the undersigned questions whether the rule is applicable – particularly with regard to Dr. Doss' opinion. Although the RFC determination did incorporate three of Dr. Doss' moderate restrictions – understanding, remembering, and carrying out detailed job instructions; maintaining attention and concentration for extended periods of time; and interacting with the general public – it did not include the following moderate restrictions that Dr. Doss

indicated: the ability to accept criticism and respond appropriately; the ability to get along with peers and co-workers; the ability to maintain socially acceptable behavior, the ability to travel and use public transportation; and the ability to set realistic goals or make plans. Compare Tr. 20 with Tr. 288-290. The administrative law judge did cite Dr. Doss' report, but only for the following propositions: that Plaintiff's psychological evaluation was consistent with depressive disorder; that Plaintiff stated that once a week he went to the grocery store or the movie, cooked dinner, fixed his grandchildren's lunches, vacuumed, did the dishes, and did laundry; that Plaintiff never sought treatment from a mental health professional for his depression, that his medication helped his mood and he did not become severely depressed; and that alcohol had not caused any negative problems in his life. Tr. 19, 21, 22. He did not address the moderate restrictions that were apparently rejected. In questioning the vocational expert, the administrative law judge characterized Dr. Doss' report as "the diagnosis" and the mental residual functional capacity assessments completed by agency medical consultant Dr. Jane George following Dr. Doss' consultative examination as "the limitations." See Tr. 491.

The undersigned notes that the administrative law judge also failed to address Dr. George's mental RFC assessments in his decision. Without alcohol use, Dr. George found either no significant limitations or no evidence of limitations, with the exception of the category "ability to maintain attention and concentration for extended periods," which she found moderately limited. Tr. 305. With alcohol use, which the administrative law judge found to be not material to Plaintiff's disability and to have only a minimal effect on his

ability to perform work-related activities, Tr. 22, Dr. George found the following moderate limitations: the ability to understand and remember detailed instructions; the ability to carry out detailed instructions; the ability to maintain attention and concentration for extended periods; the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; the ability to make simple work-related decisions; the ability to complete a normal workday and workweek, and perform at a consistent pace; the ability to get along with co-workers or peers; the ability to respond appropriately to changes in the work setting; and the ability to set realistic goals or make plans. Tr. 309-10. Accordingly, contrary to the Commissioner's argument, the RFC determination of the administrative law judge does not adopt the work-related limitations found by Dr. Doss, or either of the mental RFC assessments of Dr. George. Dr. George's rating of functional limitations under the "B" criteria for purposes of the psychiatric review technique were: without alcohol – mild restrictions of daily living; mild difficulties in maintaining social functioning; mild difficulties in maintaining concentration, persistence, or pace; and one or two repeated episodes of decompensation; with alcohol – moderate restrictions of daily living; moderate difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence, or pace; and one or two repeated episodes of decompensation. Tr. 301. Neither of these match the administrative law judge's rating of functional limitations under the "B" criteria, which was: mild restrictions of daily living; moderate difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence, or pace; and no repeated episodes of decompensation. Tr. 20.

Plaintiff also alleges that the administrative law judge failed to comment on the results of a second consultative examination and the mental RFC assessment based thereon. Plaintiff's Opening Brief, p. 6. Consultative examiner Dr. A.F. Vaide's impression was that Plaintiff has "typical symptoms of depression like depressed mood, lack of motivation and energy, sleep problems, suicidal thoughts, low self esteem, and is socially withdrawn." Tr. 323. Dr. Vaide continued: "He feels worthless and useless, especially because he can't do things that he used to do before. He will need to be in individual counseling. He will also need to continue on anti-depressant medication." Tr. 323. The administrative law judge referred to the report of Dr. Vaide twice by exhibit number, noting first that Plaintiff had reported during that exam that he liked to cook and cooked dinner daily, did the laundry, washed dishes, and read the newspaper. Tr. 21 (citing Ex. 16F, p. 3). The administrative law judge cited the report a second time, noting that Plaintiff's wife reported during the consultative exam that Plaintiff had cut down on his drinking in December 2004, and currently averaged two beers daily. Tr. 22 (citing Ex. 16F, p. 2).

Following this consultative examination, a mental RFC assessment was completed by medical consultant Hannah B. Swallow, Ph.D.. Dr. Swallow noted Plaintiff to be markedly limited in the ability to understand and remember detailed instructions, and the ability to carry out detailed instructions. Tr. 332. In her summary conclusions, Dr. Swallow states that Plaintiff can understand, remember, and carry out simple tasks, and interact with others on a superficial level. Tr. 334. Dr. Swallow's rating of functional limitations under the "B" criteria for purposes of the psychiatric review technique were: moderate restrictions of daily

living; moderate difficulties in maintaining social functioning; mild difficulties in maintaining concentration, persistence, or pace; and no repeated episodes of decompensation. Tr. 345. As noted above, this is not the same as the rating assigned by the administrative law judge under the "B" criteria. There is no reference in the decision, direct or by exhibit number, to the mental RFC of Dr. Swallow.

The governing regulations require the administrative law judge to consider every medical opinion in the record. 20 C.F.R. § 404.1527(d) ("Regardless of its source, we will evaluate every medical opinion we receive."). Where, as here, there is no controlling weight given to a treating physician's opinion, the administrative law judge "must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant" as the administrative law judge must do "for any opinions from treating sources, nontreating sources and other nonexamining sources . . . ." Id., § 404.1527(f)(2)(ii). The Tenth Circuit Court of Appeals has made it clear that virtually nothing excuses the obligation of the administrative law judge to provide a written explanation of his analysis of medical source evidence. In Lackey v. Barnhart, No. 04-7041, 127 Fed. Appx. 455, 457-58 (10th Cir. April 5, 2005),[1] the Court stated that a written explanation is required whether the administrative law judge is dealing with an opinion from a treating physician or an

---

[1] This and any other unpublished disposition are cited herein for persuasive authority pursuant to Tenth Circuit Rule 36.3.

examining physician, and whether the opinion in question is a "medical opinion"[2] or an opinion on an issue reserved for the Commissioner's determination:

> [W]e need not pause long over the different types of opinions here, because the [administrative law judge's] failure to mention [the physician] or his records at all clearly violates the Commissioner's own directives with regard to either § 404.1527 (a) (2) or § 404.1527 (e) opinions. "[W]hen, as here, an [administrative law judge] does not provide any explanation for rejecting medical [source] evidence, we cannot meaningfully review the [administrative law judge's] determination. Although we review the [administrative law judge's] decision for substantial evidence, we are not in a position to draw factual conclusions on behalf of the [administrative law judge]."

Id. at 458 (quoting Drapeau v. Massanari, 255 F.3d 1211, 1214 (10th Cir. 2001)).

Moreover:

> At the administrative law judge and Appeals Council levels, RFC assessments by State agency medical or psychological consultants or other program physicians or psychologists are to be considered and addressed in the decision as medical opinions from nonexamining sources about what the individual can still do despite his or her impairment(s). Again, they are to be evaluated considering all of the factors set out in the regulations for considering opinion evidence.

Social Security Ruling 96-6p, 1996 WL 374180, *4; Tiger v. Apfel, No. 97-5134, 1998 WL 166246, at **2 (10th Cir. Apr. 7, 1998) (administrative law judge's failure to discuss and weigh state agency consultant's assessment of claimant's mental abilities violated requirements of Soc. Sec. Ruling 96-6p and undermined the administrative law judge's ultimate conclusions regarding claimant's alleged mental impairments). The failure by the administrative law judge to comment on Dr. Doss' "Medical Source Statement of Ability to

---

[2] See 20 C.F.R. § 404.1527 (a) (2).

Do Work Related Activities (Mental), as well as the mental RFC assessments of two different agency psychological consultants seems particularly important in light of their findings and the vocational expert's response to one hypothetical, in which the vocational expert stated that there would be no work that an individual with the limitations in one of Dr. George's mental RFC's could perform. Tr. 495-96. It may well be that the administrative law judge made his determination based upon a finding that Plaintiff's limitations were less than those opined by Dr. Doss due to a decrease in Plaintiff's alcohol consumption. However, if that is the case, (1) he did not say so in the decision; and (2) his limitations still do not match any of the mental residual functional capacity assessments of the agency consultants. They come closest to that of Dr. Swallow, but she included no limitation on Plaintiff's ability to interact with the general public – a limitation included by the administrative law judge, and which appears nowhere else in the medical record except in the report of Dr. Doss.[3] See Tr. 333. Accordingly, the medical consultants, Dr. George and Dr. Swallow, and consultative examiner Dr. Doss, have provided opinions regarding Plaintiff's mental limitations which range from an opinion that Plaintiff's work activities are not significantly limited by his condition, to an opinion that they are so limited as to preclude both his past and any other work. Yet, the administrative law judge has failed to provide any written explanation as to the weight assigned to the various medical opinions in reaching his finding regarding Plaintiff's RFC, making it impossible for this Court to meaningfully review the decision.

---

[3] Dr. Swallow did state in her summary conclusions that Plaintiff "[c]an interact with others on a superficial basis." Tr. 334.

The Commissioner urges the Court to presume that the opinions were accepted by the administrative law judge as they were "congruent" with his residual functional capacity finding, but such a presumption would be an inappropriate "post hoc effort to salvage" the administrative law judge's decision, requiring the Court to overstep its "institutional role and usurp essential functions committed in the first instance to the administrative process." Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004). Moreover, such a presumption does not appear to be warranted, given that the RFC finding is not in fact congruent at all with the report of Dr. Doss, and is not completely consistent with any of the three mental residual functional capacity assessments. The undersigned has considered whether the administrative law judge's finding regarding the non-materiality of Plaintiff's alcohol use, Tr. 22, might be tantamount to an adoption of the "non alcohol use" mental RFC of Dr. George. However, this still does not provide an adequate explanation, as the administrative law judge included limitations in his own RFC that were omitted by Dr. George, and even if he had not, there is no explanation for rejection of Dr. Swallow's opinion. More importantly, not all of the categories in which Dr. Doss found moderate limitations were noted to be related to his alcoholism (the ability to understand and remember detailed instructions; the ability to maintain attention and concentration for extended periods; and the ability to complete a normal workday/workweek). Tr. 287-90. Accordingly, the non-materiality finding alone would not explain rejection of Dr. Doss' opinion that Plaintiff was moderately limited in those other areas.

In summary, the undersigned recommends that this matter be reversed and remanded so that the administrative law judge can provide a written explanation of his analysis of medical source evidence related to Plaintiff's mental impairment.

Although this recommendation makes it unnecessary to address Plaintiff's remaining claims of error, the undersigned notes briefly for purpose of providing guidance in the event of a remand, that the administrative law judge should take care to follow the two-step analysis required in cases where a claimant's alcoholism might be a contributing factor.[4] The "key factor" in determining whether drug addiction or alcoholism is a contributing factor material to a determination of disability is whether the claimant would still be found disabled if he stopped using drugs or alcohol.  20 C.F.R. §§ 404.1535(b)(1).

A two-step analysis is required to make that determination. First, the administrative law judge must determine *which of the claimant's physical and mental limitations would remain if the claimant refrained from drug or alcohol use*.  Then, the administrative law judge must determine whether the claimant's remaining limitations would be disabling.  20 C.F.R. §§ 404.1535(b)(2). If the claimant's remaining limitations would not be disabling, the claimant's alcoholism or drug addiction is a contributing factor material to a determination of disability and benefits will be denied.  See 20 C.F.R. §§ 404.1535(b)(2)(i).  If the claimant would still be considered disabled due to his or her remaining limitations, the claimant's

---

[4]The Contract with America Advancement Act of 1996 provides that "[a]n individual shall not be considered to be disabled [under either Title II or XVI of the Social Security Act] . . . if alcoholism or drug addiction would (but for this paragraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §§423(d)(2)(C), 1382c(a)(3)(J); accord 20 C.F.R. §§ 404.1535.

alcoholism or drug addiction is not a contributing factor material to a determination of disability and the claimant is entitled to benefits. See 20 C.F.R. §§ 404.1535(b)(2)(ii). It does not appear that this analysis was employed in the decision under review. Further, it appears that the administrative law judge mistakenly summarized Plaintiff's testimony at the administrative hearing concerning how many beers he drank per day as he stated that Plaintiff only drank six beers a day currently and he drank twelve a day when he worked (Tr. 21), when in fact Plaintiff testified to just the opposite. (Tr. 479). Additionally, the administrative law judge cited to evidence that Plaintiff only drank two beers per day (Tr. 22), when in fact most of the other evidence indicated he drank twelve cans of beer per day and as many as eighteen (Tr. 243, 250, 278, 285, 314, 320, 325, 425, 479).

## **RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that this matter be reversed and remanded for further administrative proceedings consistent with this Report and Recommendation. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by June 9, 2008, in accordance with 28 U.S.C.

§ 636 and Local Civil Rule 72.1.  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 20th day of May, 2008.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE